UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marvin Reyes, ) | Civil Action No. 4:20-723-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| B.K. Dobbs, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On February 13, 2020, Petitioner Marvin Reyes ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On June 2, 2020, Respondent B. K. Dobbs, Warden ("Respondent") filed a motion to dismiss asking that the case be dismissed or, in the alternative, for summary judgment. (ECF No. 15.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for review.

The Magistrate Judge issued an order on June 5, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the pending motion and the possible consequences if he failed to respond. (ECF No. 16.) On July 8, 2020, Petitioner filed a response in opposition (ECF No. 18), at which point this matter was ripe for review. The Magistrate Judge considered the parties' submissions and the record in this case, and recommended that Respondent's alternative motion for summary judgment (ECF No. 15) be granted. (*See* ECF No. 20.) Attached to the Report and Recommendation ("Report") was a notice advising the parties of the right to file objections to the Magistrate Judge's Report within fourteen days of receiving a copy. (ECF No. 20-1.) To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that there is no evidence of a due process violation in this action. Accordingly, the Court adopts and incorporates the Report (ECF No. 20), and grants Respondent's alternate motion for summary judgment (ECF No. 15).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 15, 2020
Charleston, South Carolina

2

******

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.